■ Continental Insurance Co., as Subrogee of Peter Wasylec, et al., Respondents, v. Alexandria Karlan et al., Appellants, et al., Defendants.— In an action to recover damages *inter alia* for waste with respect to certain real property situated in Westchester County, defendants Karlan, Brody, Weinshel and Glick appeal from an order of the Supreme Court, Westchester County, dated January 4, 1973, which denied their motion to dismiss the complaint as to them. Order reversed, on the law, with $20 costs and disbursements, and motion granted. Plaintiff Wasylec obtained a judgment against defendants Rose and Saul Stambler in 1965. Rose Stambler was the owner of the subject premises since sometime prior to 1963, when she gave a mortgage

thereon to Sunnyside Federal Savings and Loan Association of Irvington. Pursuant to said judgment, and in 1968, the Sheriff levied upon the property and sold it to plaintiff Wasylec. In April of 1969, Sunnyside Federal instituted an action to foreclose the mortgage, but thereafter assigned the mortgage and its interest in that action to appellants, who proceeded to obtain a foreclosure judgment on April 30, 1971. Wasylec again purchased the premises at the referee's sale in July of 1971. The referee's deed was delivered on December 30, 1971 and recorded on January 3, 1972. On March 28, 1972, plaintiff Continental Insurance Co. entered into a subrogation agreement with Wasylec, whereby Continental paid Wasylec $5,430 and became subrogated to "all of the rights, claims and interest which * * * [Wasylec] may have against any person or corporation liable for the loss" to the subject property which had occurred on February 26, 1972. We are of the opinion that the complaint in the instant action fails to state a valid cause of action against appellants (CPLR 3211, subd. [a], par. 7). The complaint alleges that appellants employed the Stamblers, who were in possession of the premises until February 29, 1972. The Stamblers allegedly committed waste and otherwise caused damage to the property by their actions and inactions and also failed to pay rent to Wasylec. Plaintiffs seek to hold appellants liable for this waste, damage and rent, under an agency theory. In the absence of an allegation that appellants (holders of the mortgage) were in possession of the premises (either actually or constructively), it would seem clear that no action for waste would be maintainable against them (Real Property Actions and Proceedings Law, § 813; Marks, Maloney & Paperno, Mortgages and Mortgage Foreclosure in New York, §§ 325-326, pp. 513-514; 59 C.J.S., Mortgages, § 336). Moreover, the record clearly demonstrates that the damage to the property occurred on February 26, 1972, almost two months after appellants' interest in and connection with the property ceased. Under these circumstances, we believe that the denial of appellants' motion to dismiss the complaint was improper. Munder, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.